IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**CARMEN D. BURGOS-YANTIN, et al.**

 **Plaintiffs,**

 **v.**

**MUNICIPALITY OF JUANA DIAZ, et al.**

 **Defendants.**

**Civil Action No. 07-1146 (GAG)**

## OPINION AND ORDER

 The court affirms its Opinion and Order at Docket No. 237 and after considering the arguments presented in Plaintiffs' Motion for Reconsideration (Docket No. 242) and Defendants' Opposition (Docket No. 243) **DENIES** Plaintiff's motion and **DISMISSES,** with prejudice, the supplemental state law negligence claims brought against the Municipality and the Supervisors..

 The court has found that Plaintiffs have failed to provide evidence to create a genuine issue of material fact demonstrating the negligence of these defendants in their roles as supervisors and policy makers under § 1983 liability. The court's finding was grounded in Plaintiffs' failure to sufficiently demonstrate causation between the Municipality and Supervisory-Defendant's acts or omissions and the actions taken by the allegedly offending officers. While the standard for negligence under the state law claim may not be as exacting as the deliberate indifference standard required under a § 1983 claim, such a claim still demands a showing of causation. As the court has previously ruled, Plaintiffs have failed to proffer sufficient evidence to make such a showing.

 In their Motion for Reconsideration, Plaintiffs aver that, under Article 1802 of the Puerto Rico Civil Code governments or municipalities are vicariously liable for the actions of their officers. While such a statement of the law may be correct, Plaintiffs' complaint does not plead a cause of action based on vicarious liability and thus cannot now be the subject of a Motion for Reconsideration. See FDIC v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992) (motions for

**Civil No. 07-1146(GAG)**                              2

reconsideration should not be used "to raise arguments which could, and should, have been made before judgment issued") (internal quotations omitted).  However, because such a claim was never raised before this court, this court's ruling at this time has no preclusive effect on any state law claim of Plaintiffs against the Municipality or Supervisory-Defendants based on vicarious liability.

Therefore, the court **DISMISSES,** with prejudice, the state law negligence claims brought against the Municipality of Juana Diaz as well as the Supervisory-Defendants under the Plaintiffs' theory of supervisory liability.  The only claims remaining before this court are those based on the individual liability of Sgt. Colon and Officers Conde, Alvarado, and Torres.  (See Docket No. 235.)

**SO ORDERED.**

In San Juan, Puerto Rico this 4th day of December, 2009.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge