IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARMEN D. BURGOS-YANTÍN, et al.,

Plaintiffs

v.                                                          CIVIL 07-1146 (JA)

MUNICIPALITY OF JUANA DÍAZ, et al.,

Defendants

OPINION AND ORDER

This matter is before the court on motion *in limine* to strike plaintiffs' proposed expert witness filed by co-defendants Ángel Colón-González, Miguel Torres-Santiago, Gary Conde-González, and José R. Alvarado-Almodóvar on March 12, 2010.  (Docket No. 248.)  Plaintiffs' opposition was filed on March 26, 2010.  (Docket No. 256.)  After consideration of the parties' arguments and for the reasons stated below, defendants' motion to strike the expert will be DENIED.  However, the expected testimony will be limited so as to exclude certain subjects mentioned below.

I.  BACKGROUND

The defendants move to exclude the testimony of Louis Reiter, announced by plaintiffs, claiming that he is going to tender an opinion as to the ultimate legal issue in this case, that is, whether the use of force by the defendants was justified

CIVIL 07-1146 (JA)                           2

in light of the circumstances that they faced.  They object to the basis of his determining that the encounter subject of this action resulted in the use of unreasonable deadly force by the officers firing their service weapons. Defendants also object to the expected testimony of the expert that he will testify regarding a certain Code of Silence, which according to him means a reluctance of people to come forward with negative information about another person.  The defendants expect that the expert will testify about the truthfulness of the police officers that will testify at trial, and that it is for the trier of fact to decide whether or not a witness is being truthful, not an expert witness.  The expert's qualifications are not an issue.

Plaintiffs, on the other hand, argue that their expert will give his opinion regarding the manner in which the co-defendants handled the intervention with the citizens who are part of the case.  They argue further that the opinions of the expert are of fact and not of law, and that opinions on the ultimate factual issue should not be mistaken with opinions on the ultimate legal issue, noting that the abolition in Federal Rule of Evidence 704(a) of the "ultimate issue rule" allows the expert witness to offer his or her factual conclusion in order to aid the jury which properly can choose to accept or reject.  See Dinco v. Dylex, Ltd., 111 F.3d 964, 973 (1st Cir. 1997).

CIVIL 07-1146 (JA)                          3

## II.  EXPERT TESTIMONY

Rule 702 of the Federal Rules of Evidence governs the admission of expert testimony at trial.  It provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  In Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993), the Supreme Court assigned to trial judges the role of gatekeepers to screen expert testimony that although relevant, was based on unreliable scientific methodologies.  Subsequently, the Court extended this gatekeeping function holding that it does not only apply to expert testimony which relies on scientific knowledge, but to testimony that is based on technical and other specialized knowledge as well.  See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999).

"Three requirements must be met before expert testimony may be admitted:  (1) the expert is qualified to testify by knowledge, skill, experience, training, or education; (2) the testimony concerns scientific, technical, or other specialized knowledge; and (3) the testimony is such that it will assist the trier of fact in understanding or determining a fact in issue."  González-Pérez v. Gómez-

CIVIL 07-1146 (JA)                                    4

Águila, 296 F. Supp. 2d 110, 113 (D.P.R. 2003) (citing Correa v. Cruisers, A Div. of KCS Int'l, Inc., 298 F.3d 13, 24 (1st Cir. 2002)).

## III.  ANALYSIS

Reiter is expected to testify, based upon the foundation of his specialized knowledge, skills and training, that the use of deadly force in this case was objectively unreasonable and contrary to generally accepted police practices under the circumstances.  He is clearly qualified to testify as an expert in police procedures based upon his experience, specialized knowledge and training.  His testimony would involve such specialized knowledge, and such testimony, in accordance with plaintiff's proffer, will assist the trier of fact in understanding or determining facts in issue.  Nevertheless, since I believe certain subjects are either irrelevant or not subject to expert testimony in the context of this particular case, Reiter is prohibited from testifying about a Code of Silence, the existence of which, as related to this case, is not based upon any specialized training, skills and knowledge.  Furthermore, because there are no agency issues involved in trial, Reiter will not be allowed to testify as to issues related to supervisors, managers and executives of Juana Díaz and the State Police.

## IV.  CONCLUSION

In view of the above, defendants' motion to exclude the expert witness is denied although his testimony is limited consistent with the above directives.

CIVIL 07-1146 (JA)                                    5

Should an issue arise during trial related to the concerns of the plaintiffs or defendants in terms of compliance with the scope of the expert's testimony, a Federal Rule of Evidence 104(a) hearing will be held.

     SO ORDERED.

     At San Juan, Puerto Rico, this 31st day of March, 2010.

                                      S/ JUSTO ARENAS
                        Chief United States Magistrate Judge