IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARMEN D. BURGOS-YANTÍN, et al.,

Plaintiffs

v.

MUNICIPALITY OF JUANA DÍAZ, et al.,

Defendants

CIVIL 07-1146 (JA)

OPINION AND ORDER

As the result of a routine traffic stop by municipal police officers escalating into something much more, Osvaldo Medina-Mercado was shot in the leg and Miguel Ángel Burgos in the head. Burgos, a minor, died shortly after being shot. Medina-Mercado died later but not as a result of the injury.

This matter is before the court on motion to dismiss claims of plaintiff Osvaldo Medina-Mercado filed by the co-defendants Miguel Torres-Santiago, Gary Conde-González, and Ángel Colón-González on June 10, 2010. (Docket No. 267.) For the reasons set forth below, the co-defendants' motion to dismiss the claims of plaintiff Osvaldo Medina-Mercado is hereby GRANTED.

BACKGROUND

Osvaldo Medina-Mercado filed a civil action on February 22, 2007, seeking money damages under 42 U.S.C. § 1983 for injuries he sustained by the co-

CIVIL 07-1146 (JA)                              2

defendants' alleged use of excessive force, which he claims deprived him of his constitutional and civil rights.  Family members of Miguel Ángel Burgos are also plaintiffs in the section 1983 suit due to the co-defendants' alleged use of excessive force which caused the death of Burgos ("plaintiffs").  On November 7, 2008, plaintiffs filed an amended complaint. (Docket No. 84.)  On December 1, 2008, the co-defendants moved to strike the amended complaint because, among other reasons, plaintiff Medina-Mercado was eliminated from the complaint without properly voluntarily dismissing his claims pursuant to Federal Rules of Civil Procedure 41.  (Docket No. 90.)  Plaintiffs alleged in their response to the co-defendants' motion, that the elimination of plaintiff Medina-Mercado was a mistake and that there was no request for voluntary dismissal.  (Docket No. 95.)  The court denied the motion and allowed the amended complaint.  (Docket No. 98.)

On February 11, 2009, the co-defendants filed a motion to request the entry of partial summary judgment dismissing plaintiff Medina-Mercado's claims. (Docket No. 109.)  Despite the fact that the voluntary dismissal procedure of Rule 41(a) was not followed, the co-defendants argued that because the amended complaint was allowed and it no longer included plaintiff Medina-Mercado[1], judgment should be entered dismissing plaintiff Medina-Mercado's claims.  The motion was granted on the same day.  (Docket No. 110.)  On February 18, 2009,

---

[1] Plaintiff Medina-Mercado was removed from the case caption, the section listed "Parties", and the body of the causes of action.

CIVIL 07-1146 (JA)                    3

plaintiffs filed a motion for reconsideration again asserting that the elimination of plaintiff Medina-Mercado was a mistake and requesting that they be allowed to file a second amended complaint to correct the mistaken elimination of plaintiff Medina-Mercado.  (Docket No. 113.)  That same day, the court vacated the February 11, 2009 order and allowed plaintiffs to file a second amended complaint.  (Docket No. 116.)

On February 19, 2009, the co-defendants filed a motion requesting an order directing the filing of plaintiff Medina-Mercado's pleadings.  The co-defendants requested that plaintiffs amend the complaint to include "each and all factual allegations/claims asserted by Mr. Osvaldo Medina-Mercado." (Docket No. 122, at 2.)  The court denied the motion on February 26, 2009.  (Docket No. 125.)

On March 2, 2009, the co-defendants moved to dismiss the claims of plaintiff Medina-Mercado. (Docket No. 132.)  The co-defendants asserted that the controlling amended complaint did not include "what exactly is it that Medina claims that each defendant aggrieved him and what kind of relief does he want." Therefore the complaint should be dismissed for "failure to state any claims whatsoever."  (Docket No. 132, at 3.)  In response, plaintiffs referred to the court's order of February 18, which allowed the plaintiffs to file a second amended complaint "precisely to include Mr. Medina's allegations." (Docket No. 134, at 1.) The court denied the co-defendants' motion to dismiss and ordered plaintiffs to file

CIVIL 07-1146 (JA)                              4

a second amended complaint. (Docket No. 135.) The second amended complaint was filed on March 16, 2009. (Docket No. 137.)

On January 19, 2010, plaintiff Osvaldo Medina-Mercado died. The court became aware of plaintiff Medina-Mercado's death during a settlement conference on February 12, 2010. On May 10, the court ordered parties to file proposed voir dire, jury instructions and verdict forms by June 7, 2010. (Docket No. 260.) Plaintiffs' first mention of Medina-Mercado's death was in their motion in compliance with order of May 10 and Local Rule 51. (Docket No. 265, dated June 8, 2010.) On June 8, 2010, in compliance with the order, plaintiffs filed a motion adopting the proposed voir dire, jury instructions and verdict forms submitted by the co-defendants "with the exception of minor modifications." (Docket No. 265, at 1.) In proposed jury instruction #1, plaintiffs requested that the instruction include "Osvaldo Medina who died before the trial." (Id.) Plaintiffs further requested that the court add an instruction "in light of the death of Plaintiff Osvaldo Medina . . . . " (Id. at 2-3.)

Due to plaintiff Osvaldo Medina-Mercado's death in January, the co-defendants filed a motion to dismiss his claims on June 10, 2010. (Docket No. 267.) On June 11, 2010, three days before trial, plaintiffs filed an informative motion informing the court that Osvaldo Medina-Mercado's heirs are Arleen Isamar Medina-Díaz and Michelle Medina-Márquez. (Docket No. 270.) In

CIVIL 07-1146 (JA) 5

response to plaintiffs' motion, the co-defendants suggested that the purpose of plaintiffs' informative motion is to substitute plaintiff Medina-Mercado with his heirs. (Docket No. 272.) The co-defendants requested that this court dismiss Medina-Mercado's claims and disregard plaintiffs' motion because plaintiffs failed to properly substitute a party by not complying with the requirements of Federal Rule of Civil Procedure 25(a). (Docket No. 267.) Plaintiffs did not file an opposition to the motion to dismiss prior to trial.

## DISCUSSION

The co-defendants have once again requested that the court dismiss the claims of plaintiff Osvaldo Medina-Mercado. The co-defendants argue that Medina-Mercado's claims have been extinguished due to his death. Alternatively, the co-defendants argue that the claims should be dismissed because a motion to substitute plaintiff Medina-Mercado has not been filed pursuant to Federal Rule of Civil Procedure 25(a).

A.  Survival of Medina-Mercado's claims

Pursuant to Federal Rule of Civil Procedure 25(a), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." The co-defendants move this court to dismiss plaintiff Medina-Mercado's claims arguing that his claims have been extinguished due to his death.

CIVIL 07-1146 (JA)                              6

In order to determine whether or not plaintiff Medina-Mercado's claims are extinguished, his claims must first be identified, then a determination must be made as to whether such claims survive his death. The original complaint has been amended, however, and the second amended complaint does not include claims asserted by plaintiff Medina-Mercado. Despite the court having allowed plaintiffs to file a second amended complaint "precisely to include Mr. Medina's allegations", the second amended complaint only added plaintiff Medina-Mercado to the caption and in the "PARTIES" section. (Docket Nos. 84, 134 and 137.)

As the co-defendants alleged in their first motion to dismiss on March 2, 2009, "'[i]t is black letter law that '[a]n amended complaint, once filed, normally supersedes the antecedent complaint' and that consequently once an amended complaint is filed 'the earlier complaint is a dead letter and no longer performs any function in the case.'" (Docket No. 132, at 2, quoting Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008)).

The second amended complaint also does not include plaintiff Medina-Mercado's allegations. (Docket No. 137.) Plaintiffs did not specify plaintiff Medina-Mercado's causes of action, and as the co-defendants contended in their prior motion to dismiss, plaintiffs failed to plead "exactly what [their] claims are … so that defendants could adequately mount a defense against them." (Docket No. 132, at 4.) It is not sufficient to simply include plaintiff Medina-Mercado in the

CIVIL 07-1146 (JA)                          7

caption and the "Parties" section of the second amended complaint. See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1326 (footnotes omitted) ("references to prior allegations must be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation.").

Consequently, plaintiff Medina-Mercado's claims should be dismissed because the second amended complaint lacks any claims alleged by plaintiff Medina-Mercado. See Kolling v. Am. Power Conversion Corp., 347 F.3d 11, 16 (1st Cir. 2003) ("By omitting 'the common law employee claim' from the amended complaint, Kolling abandoned it."); see also 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice & Procedure § 1476 (3d ed.) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . . ").

However, assuming that it was error to eliminate plaintiff Medina-Mercado's claims, a generous assumption, a determination must be made as to whether his claims, as alleged in the original complaint, survive his death.  It is unlikely that plaintiff Medina-Mercado's claims, as alleged in the initial complaint, would be extinguished upon his death.

In the original complaint, plaintiff Medina-Mercado asserted violations of his constitutional and civil rights under 42 U.S.C. § 1983.  "In Moor v. Alameda

CIVIL 07-1146 (JA)                                8

County, . . . the U.S. Supreme Court recognized that 42 U.S.C. § 1983 does not address the issue of the survivorship of civil rights actions upon the death of a plaintiff or a defendant.  It stated that '[a]lthough an injured party's personal claim was extinguished at common law upon the death of either the injured party himself or the alleged wrongdoer . . . it has been held that pursuant to § 1988 state survivorship statutes which reverse the common-law rule may be used in the context of actions brought under § 1983.'"  Ferrer Encarnación v. Betancourt y Lebrón, 855 F. Supp. 528, 529 (D.P.R. 1994) (quoting Moor v. Alameda County, 411 U.S. 693, 702-03 n.14 (1973)).  However, "[i]n Puerto Rico, no survivorship statute exists concerning tort cases in general.  But the Puerto Rico Supreme Court has stated that a survivorship statute is unnecessary because survivorship is encompassed within the remedial character of Puerto Rico tort law as expressed in P.R. Laws Ann. tit. 31, § 5141 (1991), which states that '[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done.'"  Ferrer Encarnación v. Betancourt y Lebrón, 855 F. Supp. at 529-30.

In Ferrer, the court was faced with determining whether a civil action under section 5141 was extinguished with the death of the defendant. Id. at 529-30. The court analyzed Vda. De Delgado v. Boston Ins. Co., 101 D.P.R. 598 (1973), 101 P.R. Offic. Trans. 824 (1973), and concluded that an action under section

CIVIL 07-1146 (JA)                                    9

5141 survives the death of the defendant.  Ferrer Encarnación v. Betancourt y Lebrón, 855 F. Supp. at 530.  The Delgado court held that although "very personal rights" do not survive, a cause of action in tort set out in P.R. Laws Ann. tit. 31, § 5141 (1991) 'is not in the list of very personal rights which die with the person.'"  Ferrer Encarnación v. Betancourt y Lebrón, 855 F. Supp. at 530.

Therefore, plaintiff Medina-Mercado's claims would have survived upon his death, as they were originally pled.

B.    Substitution of Parties

Under Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." If substitution of the party is not timely made, "the action by . . . the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).  Under Rule 25(a)(1), a statement noting the death must be suggested on the record and the motion to substitute must be filed within 90 days after service of that statement.  Proper service of a statement noting death needs be served on the parties as provided in Rule 5 and on non-parties as provided in Rule 4.  Fed. R. Civ. P. 25(a)(3); see Grandbouche v. Lovell, 913 F.2d 835, 837 (10th Cir. 1990).

First, there must be a formal suggestion of death filed on the record.  See Grandbouche v. Lovell, 913 F.2d at 836 ("The running of the ninety-day limitations period under Rule 25(a)(1) is not triggered unless a formal suggestion

CIVIL 07-1146 (JA)                           10

of death is made on the record, regardless of whether the parties have knowledge of a party's death."). Rule 25 does not specify which party should file and serve a statement noting the death, however, "once a party dies, his attorney has no authority to add anything to the record." Atkins v. City of Chicago, 547 F.3d 869, 873 (7th Cir. 2008) (citing 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1955 (3d ed. 2007)).

Second, the suggesting party must serve the suggestion of death in the same manner as service of the motion to substitute. In Atkins, the Seventh Circuit acknowledged that "if the suggestion of death is filed by the opposing party, that party is not required to serve a successor or representative if he doesn't know who that is, and so the 90-day period starts to run from the filing of the suggestion." Atkins v. City of Chicago, 547 F.3d at 873 (citing George v. United States, 208 F.R.D. 29, 32 (D. Conn. 2001)). However, "[t]he other side can protect itself by telling the moving party who the successor or representative is . . . . " Atkins v. City of Chicago, 547 F.3d at 873.

Here, a statement suggesting death has not been filed upon the record nor has a motion to substitute the party been filed. Therefore, plaintiff Medina-Mercado's claims are dismissed.

CIVIL 07-1146 (JA)                              11

## CONCLUSION

In view of the above, the co-defendants' motion to dismiss the claims of plaintiff Osvaldo Medina-Mercado is hereby GRANTED.

At San Juan, Puerto Rico, this 9th day of July, 2010.

                                                                           S/ JUSTO ARENAS
                                   Chief United States Magistrate Judge