IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARMEN D. BURGOS-YANTÍN, et al.,

Plaintiffs

v.

MUNICIPALITY OF JUANA DÍAZ, et al.,

Defendants

CIVIL 07-1146 (JA)

OPINION AND ORDER

This matter is before the court on the co-defendants Miguel Torres-Santiago and Gary Conde-González' unopposed motion for reconsideration filed on October 8, 2010 of the court's September 10, 2010 opinion and order (Docket No. 319) denying their motion for judgment as a matter of law.  (Docket No. 322.) For the reasons set forth below, the motion is DENIED.

I.  OVERVIEW

This is a case brought under the Civil Rights Act of 1971, 42 U.S.C. § 1983, and includes supplement claims under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 514.  (Docket No. 84, at 3, ¶ 2; at 14, ¶ 34.)  Plaintiffs allege that the civil rights of Miguel Ángel Burgos were violated by officers of the Police of Puerto Rico and the Municipality of Juana Díaz when they used or allowed the use of excessive force leading to his shooting and death.  (Docket No. 84, at

CIVIL 07-1146 (JAG) (JA)                    2

2 & 3.)  A tort claim by several family members of the deceased was also included in the complaint.  (Id. at 13.)

The jury returned a verdict dismissing the Civil Rights Act claims but rendering a verdict on the supplemental negligence claims in favor of one of the nine plaintiffs, Carmen Burgos-Yantín, mother of the deceased.  (Dockets No. 300.)  On July 29, 2010, the co-defendants moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(b)(1)(C), seeking that the court vacate the jury's verdict.  (Docket No. 310.)  The co-defendants' motion for judgment as a matter of law was denied on September 10, 2010.  Burgos-Yantín v. Municipality of Juana Díaz, ___ F. Supp. 2d ___ , 2010 WL 3541106 (D.P.R. Sept. 10, 2010).  Understanding that Carmen Burgos-Yantín, the mother of the deceased, suffered no actual injury caused by the defendants' fault or negligence, and further understanding  that the court committed manifest error of law, co-defendants filed a motion of reconsideration before this court.

## II.  DISCUSSION

### A.  Motion for Reconsideration

A motion for reconsideration may be considered as a motion under Federal Rule of Civil Procedure 59(e).  See Rosario-Méndez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 232 (D.P.R. 2009.)  "Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error

CIVIL 07-1146 (JAG) (JA)                3

of law or fact . . . . " Cruz-Claudio v. García Trucking Serv., Inc., 639 F. Supp. 2d 213, 215 (D.P.R. 2009) (quoting DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001)); Meléndez v. Autogermana, Inc., 606 F. Supp. 2d 189, 199 (D.P.R. 2009), aff'd, 622 F.3d 46 (1st Cir. 2010).

In their motion for reconsideration, co-defendants object to my relying on Landol-Rivera v. Cruz Cosme, 906 F.2d 791, 797 (1st Cir. 1990), in denying their motion for judgment as a matter of law. They argue further that the Landol-Rivera determination is completely distinguishable and inapposite from the fact of this case and should not have been considered by this court.

Although both the federal and state claims are based upon the same conduct in the present case, proof of each claim has different requirements. The reference to Landol-Rivera should have included parentheses distinguishing claims resulting from a constitutional tort and a negligence action. In Landol-Rivera, the court explained that at best Landol-Rivera could argue that the officer acted negligently in firing but that negligence is insufficient to establish a due process violation. Id. at 797. No other comparison between Landol-Rivera-Rivera and this case was intended.

B. Article 1802 of the Puerto Rico Civil Code

"Article 1802 is Puerto Rico's basic tort statute." Ocasio v. Hogar Geobel, Inc., 693 F. Supp. 2d 167, 176 (D.P.R. 2008) (quoting Matos-Ortiz v. Puerto Rico,

CIVIL 07-1146 (JAG) (JA)                              4

103 F. Supp. 2d 59, 63 (D.P.R. 2000)).  In relevant part, the statute provides that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. tit. 31, § 5141.

In order to prevail in a tort claim under this provision, a plaintiff must establish three elements: "(1) evidence of physical or emotional injury, (2) a negligent or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus between the injury and defendant's act or omission (in other words, proximate cause)." Vázquez-Filippetti v. Banco Popular de P.R., 504 F.3d 43, 49 (1st Cir. 2007) (citing Torres v. Kmart Corp., 233 F. Supp. 2d 273, 277-78 (D.P.R. 2002)).

### C.  Jury's Verdict

The jury determined that co-defendants Torres-Santiago and Conde-González were negligent and that such negligence resulted in damages to Carmen Burgos-Yantín under Puerto Rico law.  "[U]nder Puerto Rico caselaw those related to a deceased victim by blood ties or by love and affection are deemed to suffer moral damages." Rivera Concepción v. Pepsi Cola of P.R., 288 F. Supp. 2d 167, 173 (D.P.R. 2003).  The co-defendants emphasize in their motion for reconsideration that the jury also found that Miguel Burgos did not suffer pain caused by the fault or negligence of any of the defendants.  Such a finding is

CIVIL 07-1146 (JAG) (JA)                5

consistent with the trial testimony of Dr. Francisco Cortés Rodríguez, forensic pathologist, who described a gunshot wound irregular in shape, resulting from a bullet which entered on the left parietal area of the head of Miguel Burgos one-half inch from the top and seven inches from the anterior midline. The trajectory was from left to right, back to front, so that the bullet pierced the scalp, through the two layers of the skull, through the dura mater, a protective membrane, perforating the brain and fracturing the bony structures at the base of the skull in the right frontal area. The doctor determined that the cause of death was a severe cranial cerebral trauma due to bullet wound. Usually upon receiving such a wound, immediate unconsciousness would ensue. Nevertheless, Puerto Rico recognizes that individuals related by blood ties or by love and affection to the decedent may file an independent cause of action against the person causing the unlawful death of such a loved one. López-Nieves v. Marrero-Vergel, 939 F. Supp. 124, 126 (D.P.R. 1996) (citing Hernández v. Fournier, 80 D.P.R. 93, 98 (1957)); cf. Montalvo v. González-Amparo, 587 F.3d 43, 47 (1st Cir. 2009); LaForest v. Autoridad de Las Fuentes Fluviales de P.R., 536 F.2d 443, 444-45 (1st Cir. 1976.); Torres Ríos v. Pereira Castillo, 545 F. Supp. 2d 204, 206 (D.P.R. 2007). Therefore there was no manifest error of law in the determination of the jury under Puerto Rico tort law that the negligent conduct of officers Miguel Torres-

CIVIL 07-1146 (JAG) (JA)                           6

Santiago and Gary Conde-González caused Carmen Burgos-Yantín to suffer damages.

    In view of the above, the defendant's motion for reconsideration is hereby DENIED.

    It San Juan, Puerto Rico, this 18th day of November, 2010.

                                            S/ JUSTO ARENAS
                                Chief United States Magistrate Judge