N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARMEN BURGOS-YANTIN, et al.,

Plaintiffs

v.                                             CIVIL 07-1146 (JA)

MUNICIPALITY OF JUANA DIAZ, et al.,

Defendants

OPINION AND ORDER

As the result of a routine traffic stop by Juana Diaz municipal police officers gone awry, Miguel Angel Burgos, the son of the prevailing plaintiff Carmen Burgos-Yantin, died shortly after being shot, the cause of death having been described as severe cranial cerebral trauma due to bullet wound.   See Burgos-Yantin v. Municipality of Juana Diaz, 751 F. Supp. 2d 345, 348 (D.P.R. 2010); Burgos-Yantin v. Municipality of Diaz, 709 F. Supp. 2d 118, 119 (D.P.R. 2010). A jury verdict absolved the police officers of responsibility under 42 U.S.C. § 1983, the Civil Rights Act of 1971, but found officers Gary Conde-Gonzalez and Miguel Torres-Santiago liable for damages under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141, Puerto Rico's general tort statute.   See Burgos-Yantin v. Municipality of Juana Diaz, 751 F. Supp. 2d at 347-48.   A third municipal law enforcement officer, Lieutenant Angel Colon-Gonzalez, was found not liable under either statute.   (Docket No. 306).   I recently denied a motion

CIVIL 07-1146 (JA)                    2

related to the execution of the judgment issued as a result of the jury verdict against officers Conde-Gonzalez and Torres-Santiago.  (Docket No. 335).

This matter is before the court on a thoughtfully penned and unopposed[1] Motion for Reconsideration of my order dated January 2, 2013 denying the prevailing plaintiff's motion for Execution of Judgment. (Docket No. 336).  In that opinion and order, I denied plaintiff's motion as to two non-consenting non-parties, the Municipality of Juana Diaz, and the Commonwealth of Puerto Rico. The Commonwealth's opposition clearly noted its protection from execution of judgment under the plenary cloak of sovereign immunity. See Maysonet-Robles v. Cabrero, 323 F.3d 43, 53-55 (1st Cir. 2003); Ortiz-Feliciano v. Toledo-Davila, 175 F.3d 37, 40 (1st Cir. 1999).  The Municipality's opposition focused on its denial of any indemnification responsibility toward its municipal police officers who are judgment debtors.[2]  See Whitfield v. Municipality of Fajardo, 564 F.3d 40, 46 (1st Cir. 2009)

---

[1]Local Rule 7(b), District of Puerto Rico states that by failing to file a timely opposition to a motion within fourteen days of service, "the opposing party shall be deemed to have waived objection."  See Fed. R. Civ. P. 6(d).

[2]While this district court has authorized writs of attachment against municipalities for judgments against impecunious police officers, the court of appeals has not decided whether such indemnification proceedings fall within enforcement jurisdiction in an analogous situation. See U.S.I. Properties Corp. v. M.D. Const. Co., 230 F.3d 489, 497 n.6 (1st Cir. 2000); also see Peacock v. Thomas, 516 U.S. 349, 355-59 (1996); cf. Harvey v. Johanns, 494 F.3d 237, 244-45 (1st Cir. 2007).

CIVIL 07-1146 (JA)                         3

## I. MOTION FOR RECONSIDERATION: STANDARD

The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration. Alberti v. University of Puerto Rico, 869 F. Supp. 2d 231, 233 (D.P.R. 2012); Sanchez-Medina v. UNICCO Service Co., 265 F.R.D. 29, 32 (D.P.R. 2010)(citations omitted).  "Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) if it seeks to change the order or judgment issued." Alberti v. University of Puerto Rico, 869 F. Supp. 2d at 233; Sanchez-Medina v. UNICCO Service Co., 265 F.R.D. at 32. (citations omitted). Parties aggrieved by a ruling are generally the ones that seek redress anew.  In this case, however, the ruling's conclusion did not disfavor movant, the Municipality of Juana Diaz, as much as did the ruling's analysis.  The motion  for execution of judgment in relation to the Municipality having been denied, there is basically no additional operational remedy I can award to the town of Juana Diaz. Plaintiff sought a hearing and the request for such a hearing was denied.  Docket No. 335; see Colon v. Blades, 734 F. Supp. 2d 243, 247 (D.P.R. 2010).   Had plaintiff's motion been treated as a motion for execution of judgment, and had the corresponding writ of execution been issued against the Municipality, a motion for reconsideration would be viable.  In this case, that order is a denial of the request which the Municipality opposed, whether treated as a request for hearing or for

CIVIL 07-1146 (JA)                    4

execution of judgment.    Reconsideration would again lead to a denial, which,

again, would be a ruling in favor of the Municipality.

II. POST TRIAL JURISDICTION OVER NON-CONSENTING PARTY

The Municipality clearly raises the matter of my jurisdiction to issue an order

against it as a non-consenting party to my trial jurisdiction under 28 U.S.C. §

636(c).    (Docket No. 336 at 1, n.1).   The validity of this precise argument can

hardly be ignored or denied. The Municipality was dismissed as a party on

November 9, 2009 by the Honorable Gustavo A. Gelpi, United States District

Judge. (Docket No. 237).   The remaining parties consented to trial before a United

States magistrate judge on November 18, 2009.  See  28 U.S.C. § 636(c)(1) and

Fed. R. Civ. P. 73; (Docket No. 241).    Knowledge that I would rule on the post-

trial motions cannot be imputed to the Municipality since  I retired on April 10,

2011 and have had three *ad hoc* recall appointments since then.[3]   It is not

common knowledge that I am authorized to perform a full range of duties on recall

status, or for that matter, that I am back at work at all.[4]  Therefore, as reflected

in its motion for reconsideration, the Municipality did not expect  me to rule on the

---

[3]See Baez-Cruz v. Municipality of Dorado, 780 F. Supp.2d 149, 151 n. 2 (D.P.R. 2011); 28 U.S.C. § 636(h).   The second Order of Recall was issued by the Judicial Council of the First Circuit on December 27, 2011. My second recall appointment commenced on January 3, 2012 and ended on January 3, 2013, the date after my opinion and order was issued.   See Docket No. 336.

[4]  The district court web-site makes no mention of my  recall appointment, and it is not *vox populi*.

CIVIL 07-1146 (JA)                    5

motion for execution of judgment, thus the present argument which could not have been raised previous to this motion for reconsideration.  See Amira-Jabbar v. Travel Services, Inc., 726 F. Supp. 2d 77, 91 (D.P.R. 2010).

My jurisdiction over the Municipality was not considered in the previous opinion and order, the focus having been the post-trial application of Law 9, which application I describe in the previous opinion and order.  (Docket No. 335). Because United States Magistrate Judges are not Article III judges, they may enter judgment only when the parties have consented to have a Magistrate Judge hear their case.  See e.g. Roell v. Withrow, 538 U.S. 580, 585-86 (2003);  Salud Para El Pueblo v. Department of Health of the Com. Of Puerto Rico, 959 F. Supp. 83, 85 (D.P.R. 1997).  The Magistrate Judge is thus authorized to conduct all proceedings following the consent of the parties, including trial and ordering the entry of final judgment.  As an Article I federal judge exercising powers under 28 U.S.C. § 636 (c), I have no jurisdiction over a non-consenting party, pre or post-judgment. See PowerShare, Inc. V. Syntel, Inc., 597 F.3d 10, 13 (1st Cir. 2010); Colorado Bldg. And Const. Trades Council v. B.B. Andersen Const. Co., Inc., 879 F.2d 809, 811 (10th Cir. 1989).   Nor may I find, under the circumstances, that the Municipality of Juana Diaz has impliedly consented to my jurisdiction.   See e.g. Roell v. Withrow, 538 U.S. at 588-90. I will continue to exercise jurisdiction over

CIVIL 07-1146 (JA)                        6

consenting parties.   Motions as to which I have no jurisdiction will be referred to the Article III judge who approved the reference under 28 U.S.C. § 636(c).

### III. REMEDY

Had I issued an order enabling the use of a method other than execution of judgment to enforce the civil money judgment against the Municipality under Rule 69(a), Federal Rules of Civil Procedure, I would have cause to pause.   See e.g. Board of Com'rs of Stark County, OH v. Cape Stone Works, Inc., 206 F. Supp.2d 100, 102-03 (D.Mass. 2002).   As the controversy *vel non* stands, however, the last ruling favors the Municipality.  There is nothing to reconsider and no remedy to fashion in favor of the Municipality.

There are four basic grounds upon which the extraordinary remedy of a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party will present newly discovered evidence or previously unavailable evidence; 3) there is a necessity to prevent manifest injustice; 4) the motion is justified by an intervening change in controlling law.   11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (3d ed.)(2012); see Fabrica de Muebles J.J. Alvarez, Incorporado v. Inversiones Mendoza, Inc., 682 F.3d 26, 31 (1ˢᵗ Cir. 2012); Markel American Ins. Co. v. Diaz-Santiago, 674 F.3d 21, 32 (1ˢᵗ Cir. 2012). The motion does not fit in any of these categories.   Comity and federalism

CIVIL 07-1146 (JA)                    7

governed my prior ruling favoring the Municipality.  See e.g. Watchtower Bible Tract Soc. of New York, Inc. v. Municipality of Santa Isabel, 869 F. Supp. 2d 515, 219-20 (D.P.R. 2012).  Thus, the Municipality was not rendered remediless at the time.  Anomalous as this ruling may appear in view of my lack of jurisdiction over the non-consenting party seeking reconsideration, the Motion for Reconsideration is DENIED.

SO ORDERED.

In San Juan, Puerto Rico, this 23d day of January, 2013.


S/JUSTO ARENAS

UNITED STATES MAGISTRATE JUDGE

CIVIL 07-1146 (JA)                          8

CIVIL 07-1146 (JA)                    9

CIVIL 07-1146 (JA)                    10

CIVIL 07-1146 (JA)                    11