IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN D. BURGOS-YANTIN, ET AL.,<br><br>Plaintiff,<br><br>v.<br><br>MUNICIPALITY OF JUANA DÍAZ, ET AL.,<br><br>Defendant. | CIV. NO.: 07-1146(SCC) |

## OPINION AND ORDER

Plaintiffs in this case brought § 1983 civil rights claims, as well as supplemental negligence claims under state law, against the Municipality of Juana Díaz, its mayor, and several members of the Police of Puerto Rico and Juana Díaz Municipal Police, alleging excessive force leading to the shooting death of Miguel Angel-Burgos. The claims against the municipality were dismissed at summary judgment, *see* Docket Nos. 234, 237, and a jury returned a verdict against Plaintiffs on their

§ 1983 claims, *see* Docket No. 301. But the jury returned a verdict in favor of one of the plaintiffs, Carmen D. Burgos-Yantin, against Juana Díaz Municipal Police Officers Miguel Torres-Santiago and Gary Conde-González under Article 1802 of the Civil Code. *See id.* Burgos seeks to execute that judgment against the Municipality, which, she says, owes a duty of indemnification to Conde and Torres.

**I. The Supreme Court's decision in *Fajardo* is not applicable to this case.**

Under what is commonly known as Law 9, Puerto Rico government entities have, under certain circumstances, a duty of indemnification to their employees who are sued for actions taken within the scope of their employment. *See* P.R. Laws Ann. tit. 32, § 3085. The employee-defendant must request benefits under Law 9, P.R. LAWS ANN. tit. 32, § 3086, and these applications are determined by the Secretary of Justice, P.R. LAWS ANN. tit. 32, § 3087. If the Secretary of Justice grants Law 9 benefits to an employee-defendant, the Commonwealth is responsible for the payment; however, when the employee-defendant is a municipal employee, the municipality must defray the costs. P.R. LAWS ANN. tit. 32, § 3092; *see also Whitfield v. Municipality of Fajardo*, 564 F.3d 40, 42–43 (1st Cir. 2009)

(explaining the operation of Law 9). According to the Commonwealth, the Secretary of Justice granted Defendants Conde and Torres payment benefits on April 14, 2011. *See* Docket No. 334, at 1. It is under this authority that Burgos seeks execution against the Municipality.

The Municipality argues, however, that a recent decision by the Supreme Court of Puerto Rico precludes execution of the judgment against it. As did Magistrate Judge Justo Arenas when he previously considered this question, *see* Docket No. 335, we disagree.[1] The Municipality relies on *Municipio de Fajardo v. Secretario de Justicia*, 187 D.P.R. 245 (2012). *Fajardo* grew out of *Whitfield*, discussed above. In *Whitfield*, the district court entered judgment against two Fajardo municipal police officers. *See Whitfield*, 564 F.3d at 42. The Secretary of Justice

---

1. In his Opinion and Order on Burgos's first putative motion to execute, Magistrate Judge Arenas rejected the Municipality's *Fajardo* defense. *See* Docket No. 335. On reconsideration, however, he admitted that he had not had consent jurisdiction over the Municipality at the time he issued that Order; nonetheless, he denied reconsideration because he had not actually granted execution in the original Order. *See* Docket No. 337. Though we agree fully with Magistrate Judge Arenas's original Opinion and Order, in light of the fact that he did not have jurisdiction at the time his Order was issued we feel that the safest course is to address once again the Municipality's *Fajardo* arguments.

thereafter issued a resolution "directing that payment of the amended judgment be effected out of [Fajardo's] available funds." *Id.* at 43. When the Court indicated a willingness to permit execution against Fajardo, the municipality responded by filing suit in state court challenging the Secretary's resolution. *See id.* at 44. That state-court suit became *Fajardo*.

In *Fajardo*, the Supreme Court of Puerto Rico held that the municipalities whose coffers might be adversely affected by the Secretary of Justice's decisions under Law 9 must be given a chance to participate in the administrative process. 187 D.P.R. at 261–62. The Supreme Court held that while municipalities have no constitutional rights, the law recognizes certain municipal interests in their own funds. *Id.* at 263. Thus, the Court held that it was "unsustainable . . . to permit the Secretary of Justice to unilaterally compromise municipal funds without giving them an opportunity to be heard." *Id.* (translation ours). The Court further ordered the Department of Justice to "design a process for the participation of the municipalities" so that, going forward, the municipalities could be heard when their funds were implicated. *Id.* at 263 (translation ours). The Secretary's resolution was declared null and void, and the matter was remanded to the Secretary to reassess its determin-

| BURGOS-YANTIN v. JUANA DIAZ | Page 5 |
|---|---|

ation after hearing from Fajardo. *Id.* at 264.[2]

The major problem with the Municipality's attempt to rely on *Fajardo* is its own inaction. The Municipality's first objection to the Secretary's resolution came almost two years after it was issued—and much longer than that after the Secretary's previous Law 9 decision to afford Conde and Torres representation put the Municipality on notice that it might become responsible for their claims. *See also* Docket No. 335, at 9. In the *three years* since the administrative proceedings ended and the resolution issued, the Municipality has *never* sought to challenge it in state court. We conclude, therefore, that by the time the Municipality first objected to the resolution—after the Supreme Court's decision in *Fajardo*—the resolution was already final. *See* P.R. LAWS ANN. tit. 32, § 3087 (providing for a period of fifteen days in which to seek judicial review of an adverse decision under Law 9); *see also* P.R. LAWS ANN. tit. 3, § 2172 (providing for a period of thirty days in which to seek

---

2. We do not know what happened on remand, and, since *Fajardo*, nothing more has happened in the underlying federal lawsuit. *See Whitfield v. Municipality of Fajardo*, Civ. No. 01-2647(JAF) (D.P.R. filed Dec. 4, 2001). Moreover, we can find no opinions from this or the Puerto Rico courts—other than Magistrate Judge Arenas's previous opinion in this case—interpreting the relevant portion of *Fajardo*.

| BURGOS-YANTIN v. JUANA DIAZ | Page 6 |
|---|---|

judicial review of administrative decisions). This alone is fatal to the Municipality's argument, as decisional law generally does not apply retroactively in a collateral attack on a final judgment.[3] *See, e.g.*, *Deja Vu of Nashville, Inc. v. Metro. Gov. of Nashville & Davidson Cnty., Tenn.*, 421 F.3d 417, 420 (6th Cir. 2005); *Alvarenga-Villalobos v. Ashcroft*, 271 F.3d 1169, 1172–73 (9th Cir. 2001); *N.Y. State Nat'l Org. for Women v. Terry*, 159 F.3d 86 (2d Cir. 1998); *United States v. One Urban Lot No. 14,126*, 941 F. Supp. 19, 21 (D.P.R. 1996).[4]

---

3. In its motion for reconsideration of Magistrate Judge Arenas's original Opinion and Order, the Municipality suggests that execution is improper because the verdict was under article 1802 of the Civil Code, not § 1983, and that the verdict was, therefore, not for a civil rights violation as required by the statute. *See* Docket No. 336, at 4–5 (citing P.R. LAWS ANN. tit. 32, § 3085 (referring to violations of civil rights)). First of all, Law 9 does not by its terms apply only to § 1983 suits, and we see no reason that compensation for a civil rights violation could not come under article 1802. *Cf. Mendez-Matos v. Municipality of Guaynabo*, 557 F.3d 36, 45 (1st Cir. 2009) (referring to the plaintiffs' "civil rights guaranteed by Article 1802"). And second, the Secretary's resolution was particular to the judgment in this case, *see* P.R. LAWS ANN. tit. 32, § 3087, and, as with the hearing matter, the Municipality did not make a timely challenge to it; we therefore deem the resolution final as to this matter as well.

4. By contrast, the binding decisions of federal courts are, as a general matter, entitled to retroactive application in cases "still open on direct review" at the time the binding opinion is issued. *Harper v. Va. Dep't of*

| BURGOS-YANTIN v. JUANA DIAZ | Page 7 |
|---|---|

But even if this were not best thought of as a collateral attack on the Secretary's resolution, we would still conclude that *Fajardo* is inapplicable because Puerto Rico allows for nonretroactive decisional law to a much greater extent than does federal law. *Compare Datiz Vélez v, Hosp. Episcopal San Lucas*, 163 D.P.R. 10, 18–19 (2004) (permitting prospective application of decisional law where such application would benefit public policy), *with Harper v. Va. Dep't of Taxation*, 509 U.S. 86 (1993) (forbidding nonretroactive application of binding case law in most circumstances). With this in mind, it is worth recalling that the remedy that the Puerto Rico Supreme Court required in *Fajardo* was forward-looking: the creation of a new administrative scheme that would give municipalities a voice in Law 9 decisions.[5] Nothing in *Fajardo* purported to revoke

---

*Taxation*, 509 U.S. 86, 97 (1993).

**5.** On December 5, 2012, the Department of Justice promulgated a new regulation complying with *Fajardo*'s command. This regulation provides that "[w]hen a governmental entity could be affected" by the Secretary's determination, that entity "has the right to participate therein and the right to seek judicial review." P.R. DEP'T OF JUSTICE REG. No. 8284, § IV.3 (Dec. 5, 2012) (translation ours).

| BURGOS-YANTIN v. JUANA DIAZ | Page 8 |
|---|---|

final, unchallenged resolutions previously issued.[6]

At the end of the day, the Municipality's objections to execution amount to a request for incomplete collateral review of a state-law administrative decision from which no appeal has been taken and with regard to which no state-court action has been instituted. We will not grant such relief. Because the Secretary's resolution was final before *Fajardo* was decided and long before the Municipality thought to challenge it, and because that decision was prospective in its relief, we consider the Secretary's resolution binding and effective.[7]

---

6. Notably, the Municipality is not seeking remand to the Secretary; instead, it wants a flat denial of Burgos's motion. According to the Municipality, Burgos could then seek execution in state court. But this is misleading; the Municipality's invalidity arguments would apply with equal force in a state-court enforcement proceeding. And as the Municipality is obviously in no rush to return to the administrative process, this could leave Burgos without any remedy against the Municipality at all.

7. We agree with Magistrate Judge Arenas that this holding cannot violate any due process rights of the Municipality, as it has none *vis-à-vis* the state. *See* Docket No. 335, at 9 n.7 ("A state is not bound by substantive fourteenth amendment limitations . . . when dealing with its municipalities." (citing *Santiago Collazo v. Franqui Acosta*, 721 F. Supp. 385 (D.P.R. 1989))).

## II. Execution of the judgment against the Municipality is not analogous to a federal court's execution of a state-court judgment.

As a second reason for denying Burgos's execution motion, the Municipality attempts to analogize our present situation to those in which federal courts have refused to execute state-court judgments. *See* Docket No. 342, at 2. For example, in *United States v. Potter*, the court held that Federal Rule of Civil Procedure 69(a), which governs execution of money judgments, "is not to be construed as applying to judgments other than those of the Federal Court." 19 F.R.D. 89, 89–90 (S.D.N.Y. 1956), *cited by* Docket No. 342, at 2. Thus, says the Municipality, this court may not execute a state court judgment, but that is exactly what we are doing when we give effect to the Secretary's resolution. Docket No. 342, at 2 ("What plaintiff seeks to do in this case is not to execute the judgment entered by this Honorable Court b[ut] rather to execute an administrative resolution issued by the Secretary of Justice of Puerto Rico . . . ."). This argument is unconvincing.

The Municipality fails to explain why, precisely, our granting execution in this case would be "akin to [executing] a state court judgment." Docket No. 336, at 2. If we grant

Burgos's motion, we are executing the judgment entered in *this* court. To the extent that we permit that execution against the Municipality, moreover, we do so not on the basis of any state-court judgment, but, instead, on the basis of a Puerto Rico statute. The Secretary's resolution is not a money judgment; it is a decision, required by statute, that Puerto Rico's municipal-employee indemnification statute applies to the Municipality in this particular case. The judgment is against Conde and Torres; the Municipality's responsibility for that judgment arises from state statute. There is, therefore, no state judgment being executed, and the Municipality's objections are denied on this ground.[8]

---

8. In certain circumstances, state-court judgments *may* be executed in federal court. *See, e.g.*, *Goya Foods, Inc. v. Unanue*, 233 F.3d 38, 46–47 (1st Cir. 2000) ("Since the New Jersey judgment was not initially entered by another federal court, it coudl not merely be registered in the federal district court in Puerto Rico under [28 U.S.C. § 1963]. Rather, enforcement was governed by [Rule 69(a)], providing that federal proceedings to enforce any out-of-state judgment of a state court should follow the practice of the state in which the federal district court sits."); *see also Threlkeld v. Tucker*, 496 F.2d 1101, 1104 (9th Cir. 1974) (providing that where the federal court has an independent jurisdictional basis, execution of state-court judgments may be appropriate in certain circumstances).

### III.     Conclusion

In a previous Order in this case, Magistrate Judge Arenas explained that the matter of execution was not ripe because the "controversy len[t] itself to solution without the need for further judicial intervention." Docket No. 335, at 11 n.8. The "Municipality's obligation," he said, was "clear": honor its duty to indemnify Defendants Conde and Torres and pay the judgment in favor of Burgos. *Id.* at 11 & n.8. But rather than honor that obligation, the Municipality has chosen to continue rehashing rejected arguments. As such, we see no option other than ordering execution against the Municipality. Burgos's motion is therefore GRANTED. It is accordingly ORDERED that the judgment of $30,000 in favor of Burgos be EXECUTED against the Municipality of Juana Díaz. It is ORDERED that Betzaida Natal be named as the receiver for any property garnished, attached, or restrained from the Municipality of Juana Díaz. The Clerk shall issue a writ of attachment for the execution of this judgment.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of March, 2014.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE